IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-88-D
No. 4:12-CV-201-D

| | | |
|---|---|---|
| KAVIN DATRON WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On August 29, 2012, Kavin Datron Williams ("Williams" or "petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 45]. On September 11, 2013, the court dismissed in part Williams's section 2255 motion, and referred Williams's one remaining claim (that his trial counsel failed to file an appeal at his request) to Magistrate Judge Gates for an evidentiary hearing and a Memorandum and Recommendation ("M&R"). See [D.E. 71] 7.

On November 19, 2013, Judge Gates held an evidentiary hearing. On February 5, 2014, Judge Gates issued an M&R [D.E. 87] recommending that the court deny the one remaining claim in Williams's section 2255 motion [D.E. 45]. On February 20, 2014, Williams objected to the M&R [D.E. 89]. The government did not respond to Williams's objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted). Absent a timely objection, "a

district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, and Williams's objections. As for those portions of the M&R to which Williams made no objection, the court is satisfied that there is no clear error on the face of the record. The court has reviewed de novo the portions of the M&R to which Williams objected and has reviewed the record.

Williams objects to Judge Gates's finding that Williams never instructed his counsel to file a notice of appeal. See [D.E. 89] 2–7; cf. M&R 6–12. Williams also objects to Judge Gates's conclusion that Williams's counsel acted consistently with the Sixth Amendment in representing Williams. See [D.E. 89] 2–7; cf. M&R 6–12.

The court agrees with Judge Gates's finding and conclusions. Williams never instructed his counsel to file a notice of appeal, and Williams's counsel acted consistently with the Sixth Amendment in representing Williams.

In sum, the court ADOPTS the findings and conclusions in the M&R [D.E. 87] and DENIES Williams's motion to vacate, set aside, or correct his sentence [D.E. 45]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 7 day of April 2014.

JAMES C. DEVER III
Chief United States District Judge