IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-88-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KAVIN DATRON WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

On March 21, 2011, pursuant to plea agreement [D.E. 27], Kavin Datron Williams ("Williams") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) and 500 grams or more of cocaine in violation of 21 U.S.C. § 846 ("count one"). See [D.E. 1, 27]. On September 2, 2011, the court held Williams's sentencing hearing. See [D.E. 40]. At the hearing, the court adopted the uncontested facts set forth in the Presentence Investigation Report ("PSR") [D.E. 33] and resolved two objections. See Sentencing Tr. [D.E. 52] 5–34; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court then calculated Williams's total offense level to be 31, his criminal history category to be III, and his advisory guideline range to be 135–168 months. See Sentencing Tr. 33–34. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court varied down from the advisory guideline range and sentenced Williams to 120 months' imprisonment on count one. See Sentencing Tr. 41–47; [D.E. 71] 5–6.

On January 8, 2015, Williams filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 102]. Williams's new advisory guideline range is 108–135 months' imprisonment, based on a total offense level of 29 and a criminal history category of III. See U.S.S.G. § 2D1.1(c)(5), chap. 5, pt. A. Williams requests an 82-month sentence. See [D.E. 102].

On July 9, 2015, this court denied Williams's motion [D.E. 106]. On July 27, 2015, Williams appealed [D.E. 107, 108]. On April 18, 2016, the Fourth Circuit remanded Williams's motion for further proceedings in light of the government's motion to vacate and remand this court's order [D.E. 111, 112]. On May 10, 2016, the Fourth Circuit's mandate issued, and this court obtained jurisdiction [D.E. 113].

The court has discretion to reduce Williams's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Williams's sentence, the court finds that Williams engaged in serious criminal behavior from approximately September 2008 until approximately September 2009. See Sentencing Tr. 7–8. Williams conspired to distribute a large amount of cocaine and crack cocaine over a one year period. See id. 31–34. Williams also possessed a firearm in connection with his drug distribution. See id. 33–34; cf. PSR ¶ 10. Furthermore, Williams is a recidivist who has a prior state conviction for possession with intent to sell and deliver cocaine. See PSR ¶ 16. Williams received probation in state court for that conviction, but performed poorly on supervision, and his probation was revoked. See id. Moreover, before his most recent federal incarceration, Williams had a serious substance abuse problem. See id. ¶¶ 28–29. Nonetheless, Williams has some work history (id. ¶¶ 31–41) and has engaged in some positive behavior while incarcerated on his federal sentence. See [D.E. 102] 4–5.

2

Having reviewed the entire record and all relevant policy statements, the court finds that Williams received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that further reducing Williams's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Williams's serious criminal conduct and serious criminal history do not support further reducing Williams's sentence. Moreover, at Williams's sentencing, the court applied a 1:1 crack to powder cocaine ratio. See [D.E. 71] 5–6. Thus, the court denies Williams's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Williams's motions for reduction of sentence [D.E. 102].

SO ORDERED. This 7 day of October 2016.

                                                      JAMES C. DEVER III
                                                    Chief United States District Judge